IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| SHARRON ABEL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 8:19CV347 |
| v. | ) ) ) | **MEMORANDUM** |
| ROGER L. ABEL and LAWRENCE G. WHELAN, | ) ) ) | **AND ORDER** |
| Defendants. | ) ) ) | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint consists of strings of unintelligible phrases that appear to question various aspects of Plaintiff's divorce decree entered by the District Court of Douglas County, Nebraska, which Plaintiff has attached to the Complaint.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A.** <u>Rule 8</u>

The court has reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard.

## B. Claims for Relief Related to Plaintiff's State-Court Divorce Case

Plaintiff's claim is subject to dismissal under the domestic-relations doctrine. It is well-settled that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). The United States Supreme Court has recognized a domestic-relations exception "to the jurisdiction of the federal courts in light of long-held understandings and policy considerations." *Whiteside v. Nebraska State Health and Human Services*, No. 4:07CV3030, 2007 WL 2123754, *1 (D. Neb. July 19, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 694-95 (1992)). Granting Plaintiff relief by changing various provisions of her divorce decree would require the court to entangle itself into issues of state divorce law, an area in which it does not have jurisdiction. *See El v. Ricketts*, No. 8:18CV327, 2018 WL 4006770, at *1 (D. Neb. Aug. 22, 2018).

## C. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine also precludes consideration of Plaintiff's claim. This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state-court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman*, 460 U.S. at 467. *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). It appears that Nebraska state courts have entered orders regarding the dissolution of Plaintiff's marriage. In order for Plaintiff to properly challenge these state-court orders, she must seek the appropriate state remedies.

## IV. CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice for lack of subject-matter jurisdiction because amendment of his Complaint would be futile. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile).

IT IS ORDERED:

1. This case is dismissed without prejudice for lack of subject-matter jurisdiction, and judgment shall be entered by separate document.

2. Plaintiff's Motion to Appoint Counsel (Filing No. 3) is denied as moot.

DATED this 5th day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge